IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No.  00-31166

CONOCO, INC.

Plaintiff-Appellant

VERSUS

MEDIC SYSTEMS, INC., GRASSO CORPORATION,
GRASSO PRODUCTION MANAGEMENT, INC.,
PPI - SEAHAWK SERVICES, INC., AND OFFSHORE
LOGISTICS, INC.

Defendants-Appellees

Appeal from the United States District Court
For the Western District of Louisiana

July 19, 2001

Before HIGGINBOTHAM and BENAVIDES, Circuit Judges, and DUPLANTIER,* District Judge

PER CURIAM:

Conoco, Inc. (Conoco) appeals the dismissal of its claim for contractual indemnity for

_____

* District Judge of the Eastern District of Louisiana, sitting by designation.

attorney fees and costs incurred in the defense of a lawsuit brought against it on behalf of an employee of Medic Systems, Inc. For the reasons that follow, we reverse the district judge's grant of defendants' motion for summary judgment, grant Conoco's motion for summary judgment, and remand for further proceedings.

Lonna Herronen, an employee of Medic Systems, Inc., worked as a paramedic on an oil production platform operated by Conoco and located on the Outer Continental Shelf off the coast of Louisiana. She was required to be available to attend to medical problems aboard the platform on a 24 hour basis. While aboard the platform, she was assaulted, battered, or raped by one or more unidentified assailants. Many months later she died of injuries sustained in an automobile accident.

After her death, Lonna Herronen's mother, Ricky L. Hetchler, filed suit individually and as executrix of the estate of her daughter against Conoco, seeking to recover damages for injuries sustained by Lonna Herronen in the attack which occurred upon Conoco's platform. The suit asserted theories of negligence, strict liability, and vicarious liability. The case proceeded to trial. At the conclusion of Hetchler's case-in-chief, the district judge granted partial judgment as a matter of law (Fed.R.Civ.P. 52(c)), in favor of Conoco, dismissing the strict liability and vicarious liability claims. The negligence claim was submitted to the jury, which concluded that Lonna Herronen had been "assaulted, battered or raped" while working on the platform operated by Conoco; but the jury answered "No" to an interrogatory asking whether "the assault, battery or rape of Lonna Herronen [was] legally caused by negligence on the part of Conoco."

On plaintiff Hetchler's appeal from the adverse jury verdict, this court affirmed the judgment, concluding that "the jury finding of no liability herein on the part of Conoco is adequately supported by the record. . .." *Hetchler v. Conoco, Inc.,* 97-31281 ( 5th Cir. January 8, 1999).

2

Thereafter Conoco filed suit against Medic Systems, Inc., Grasso Production Management, Inc., and PPI-Seahawk Services[1] seeking contractual indemnification for attorney fees and costs incurred in the defense of the *Hetchler* lawsuit, under the master contract between Conoco and PPI-Seahawk Services governing the services performed by Medic Systems, Inc., Lonna Herronen's employer, on the platform operated by Conoco. Conoco and defendants filed cross motions for summary judgment. The district judge denied Conoco's motion for summary judgment, granted defendants' motion for summary judgment, and entered judgment dismissing the suit with prejudice. The district judge concluded that the attack on Herronen was a random act of violence that did not "arise from" her employment and was therefore outside the scope of the indemnity agreement.

We review the district judge's grant of a motion for summary judgment *de novo*, and in doing so we apply the same standards applicable in the district court. *Roberts v. Energy Development Corporation,* 235 F.3d 935, 938 (5th Cir. 2000). Rule 56 of the Federal Rules of Civil Procedure permits the entry of summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no dispute that the case is ripe for summary judgment. The only issue is one of law: whether the indemnity provision of the contract covers the suit involving the attack upon Lonna Herronen.

Conoco and PPI Seahawk Services entered into a blanket contract in which PPI-Seahawk Services agreed to provide certain services to Conoco offshore platforms, including medical services

---

[1] Grasso Production Management, Inc. is the legal successor to PPI-Seahawk Services, Inc. and Medic Systems, Inc.

by Medic Systems, Inc., Herronen's employer. The contract between Conoco and PPI-Seahawk

Services, Inc. provides in pertinent part:

> Contractor [PPI-Seahawk Services] agrees to indemnify and hold harmless Company [Conoco] . . . against any and all claims, demands, or suits (including, but not limited to, claims, demands, or suits, for bodily injury, illness, disease, death, or loss of services or wages) which may be brought against Company, . . . by any employee of Contractor, its subcontractors, or the legal representative or successor of such employee, <u>in any way arising out of or incident to the Work</u>, irrespective of whether such suits are based on the relationship of master and servant, third party, or otherwise, and even though occasioned, brought about, or caused in whole or in part by the negligence or fault of Company, . . . Contractor further agrees to have any such claim, demand, or suit investigated, handled, responded to and defended at no cost to Company, its parent, subsidiaries, affiliates, co-lessees, co-venturers and/or other Company contractors, even if such claim, demand, or suit is groundless, false or fraudulent. (emphasis added).

To determine the scope of the indemnity provision, we interpret the words of the contract

in a manner that gives effect to the intention of the parties. See La. Civ. Code Ann. art. 2045 (West

1987); see also *La-Nevada Transit Company v. Marathon Oil Company*, 985 F.2d 797, 800 (5th Cir.

1993); *Blackburn v. National Union Fire Insurance Co. of Pittsburgh*, 784 So.2d 637, 641 (La.

2001).[2] The extremely broad language in the indemnity provision at issue makes it clear that the

parties intended that the indemnity should apply to every claim against Conoco by an employee of

Medic Systems related in any way to services provided by Medic Systems under the master contract.

In determining whether the claim for which Conoco seeks indemnity "arise[s] out of or incident

to the Work," the proper focus is not on the work actually performed by Lonna Herronen, but on the

---

[2] It is undisputed that Louisiana law applies to this case. See *Rodriguez v. Aetna*, 395 U.S. 352, 355, 89 S.Ct. 1835, 1837 (1969) (federal law supplemented by the state law of the adjacent state applies to platforms located on the Outer Continental Shelf "as though they were federal enclaves in an upland State.")

scope of the "Work" contractually undertaken by PPI-Seahawk Services. In using the term "<u>W</u>ork" (emphasis added), the indemnity clause clearly refers to "the Work to be performed by Contractor", in this case Medic Systems, Inc., as provided in Paragraph I of the Master Contract.

PPI-Seahawk Services contracted with Conoco to provide medical services (through Medic Systems, Inc.) for the Conoco platform 24 hours a day. Thus the "Work" to be performed by Medic Systems, Inc. required Herronen's availability on the platform 24 hours a day. It is immaterial whether she was actually working or was asleep at the time she was attacked. In any event, the attack arose out of and was incident to the "Work" PPI-Seahawk contracted to perform for Conoco. Lonna Herronen's very presence aboard the platform in every way arose out of and was incident to the medical services (the "Work") PPI-Seahawk agreed to perform for Conoco. Conoco is entitled to indemnity for expenses related to the claim by the legal representative of its contractor's employee, a claim which arose out of and was incident to the "Work" performed under the contract between the contractor and Conoco.

The district judge also held that it would be a violation of public policy to require defendants to indemnify Conoco for expenses related to a claim resulting from intentional or criminal acts. We disagree. Conoco has been judicially fully exonerated from liability for the attack upon Lonna Herronen; thus Conoco is not seeking indemnity for any intentional or criminal act by one of its employees or by anyone for whom it is responsible. In Louisiana the public policy issue involved in enforcing an indemnity agreement is determined by the outcome of a suit against the indemnitee, not by the plaintiff's allegations. *See Meloy v. Conoco, Inc.* 817 F.2d 275, 279 (5th Cir. 1987); *Meloy v. Conoco, Inc.*, 504 So.2d 833, 839 (La. 1987)

We reverse the judgment of the district court, grant Conoco's motion for summary judgment,

5

and remand for further proceedings not inconsistent with this opinion.