IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-41332
Summary Calendar

DONALD DAVILA,

Plaintiff-Appellant,

versus

THOMAS A. WHITE, SECRETARY OF THE ARMY,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(C-01-CV-130)
_____
February 13, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant asserts that the district court erred in granting summary judgment as

to his retaliatory hostile work environment claim. This Court affirms.

I. FACTS AND PROCEEDINGS

After filing a number of administrative complaints regarding racial

discrimination, Plaintiff-Appellant Donald Davila ("Davila") filed a Title VII suit against

Defendant-Appellee Thomas E. White, Secretary of the Army, ("Defendant") in federal

district court in April 1996, alleging national origin hostile environment discrimination.

In May 1997, the jury found that the Defendant had intentionally discriminated against

_____

[*] Pursuant to 5TH CIR. R. 47.5, this Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

1

Davila by creating a hostile environment, but did not award any damages. The district court entered a Final Judgment on May 14, 1997, with Davila taking nothing.

Following the May 1997 trial, Davila asserts that he was subjected to a retaliatory hostile work environment. Davila provides a litany of actions and statements of his superiors and colleagues in support of his claim. For the purposes of this appeal, it is useful to categorize Davila's allegations according to whether they relate to promotion, compensation, granting leave, or the creation of a hostile work environment:

(1) *Promotion*: (a) denials of opportunities for overtime, training, and technically advanced work; (b) delays in the provision of annual performance reviews;

(2) *Compensation*: (a) bureaucratic snafus and delays in the resolution of pay disputes; (b) reviews and denials of compensatory time for the union work performed by Davila;

(3) *Granting leave*: (a) a single dispute over whether paperwork was appropriately filed for leave taken by Davila;

(4) *Creation of a hostile work environment*: (a) being forced to see an on-site counselor on one occasion after his superiors complained to the counselor that they feared Davila would "go postal"; (b) constant monitoring of Davila by superiors even when they were not responsible for supervising him; (c) use of profane language and minor confrontations with colleagues; (d) complaints by colleagues about the quality of Davila's work; (e) denial of opportunity to work the night shift instead of the day shift.

Davila filed suit in federal district court in March 2001, alleging that he was subjected to a retaliatory hostile work environment. The Defendant filed a Motion for

2

Summary Judgment in December 2001, and the Magistrate Judge recommended that Davila's retaliatory hostile work environment claim be dismissed. The district court adopted the Magistrate Judge's recommendation and dismissed Davila's claim, finding that the Fifth Circuit did not recognize a cause of action for retaliatory hostile work environment under Title VII.

## II. STANDARD OF REVIEW

"A grant of summary judgment is reviewed *de novo* . . . Summary judgment is appropriate when there 'is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" *Quorum Health Res., L.L.C. v. Maverick County Hosp. Dist.,* 308 F.3d 451, 458 (5th Cir. 2002) (internal citations omitted) (quoting *Conoco, Inc. v. Medic Systems, Inc.,* 259 F.3d 369, 371 (5th Cir. 2001)). This Court "must view facts and inferences in the light most favorable to the party opposing the motion. A factual dispute precludes a grant of summary judgment if the evidence would permit a reasonable jury to return a verdict for the nonmoving party." *Id.* (internal citations omitted).

## III. ANALYSIS

The sole issue presented on appeal is whether the district court erred in granting summary judgment as to Davila's retaliatory hostile work environment claim.

Davila claims that the Defendant unlawfully retaliated against him after he filed a Title VII action. 42 U.S.C. § 2000e-3(a) (West 1994 & Supp. 2001). To establish a *prima facie* case of retaliation, Davila must demonstrate: (1) he engaged in an activity protected by Title VII; (2) that an adverse employment action followed; and (3) that there was

some causal connection between the activity and the adverse action. *Collins v. Baptist Memorial Geriatric Center*, 937 F.2d 190, 193 (5th Cir. 1991).

First, by filing administrative complaints and a lawsuit alleging discrimination based on race and national origin, Davila engaged in an activity protected by Title VII. *Casarez v. Burlington Northern/Santa Fe Co.*, 193 F.3d 334, 339 (5th Cir. 1999) (holding that plaintiff's complaints to the EEOC and filing of a lawsuit were protected activities); *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995) (holding that "[t]here can be no question that . . . filing an administrative complaint is clearly protected activity").

Second, this Court must consider whether the actions and statements of Davila's superiors and colleagues constituted adverse employment actions. This Court held that only "ultimate employment decisions" are considered adverse employment actions under Title VII. *Mattern v. Eastman Kodak Co.,* 104 F.3d 702, 707 (5th Cir. 1997). Ultimate employment decisions include promotion, compensation, and granting leave. *Id.* (citing *Dollis*, 77 F.3d at 782). Under this rubric, this Court must consider whether the evidence relating to promotion, compensation, and granting leave to Davila constitutes evidence of adverse employment actions. *Id.*; *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 193 (5th Cir. 2001) (holding that denials of pay increases and "similar actions" constitute ultimate employment decisions). The Supreme Court clarified that courts must consider the broad range of activities involved in promotion, compensation, and granting leave. *AMTRAK v. Morgan*, 536 U.S. 101, 123-24, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002) (internal citations omitted) (holding the language used in Title VII "evinces a congressional intent 'to strike at the entire spectrum of disparate treatment of men and women' in employment"). However, the evidence must be evaluated to ensure that it does not have

4

merely a "tangential effect upon those ultimate [employment] decisions." *Dollis*, 77 F.3d at 782.

Denials of promotions, pay increases, and leave constitute ultimate employment decisions, but efforts to obtain work toward promotions, pay increases, or leave do not. *Mattern,* 104 F.3d at 707; *Fierros*, 274 F.3d at 193. Davila's allegations fall into the latter category. Denials of overtime, training, and technically advanced work are not the equivalent of denials of promotions. *Mattern,* 104 F.3d at 708. Bureaucratic snafus, delays in their resolution of pay disputes, and reviews and denials of compensatory time are not the same as denials of pay increases. *Fierros*, 274 F.3d at 194. Disputes over whether the plaintiff was authorized to take leave are not the same as denials of leave altogether. *Mattern,* 104 F.3d at 708. Therefore, none of the evidence as to promotion, compensation, and granting leave rises to the level of ultimate employment decisions. *Id.* at 707.

The remaining evidence relates to the creation of a hostile work environment. This Court held that "[h]ostility from fellow employees . . . and resulting anxiety, without more, do not constitute ultimate employment decisions, and therefore are not . . . adverse employment actions." *Id.* However, the Supreme Court held that Title VII is not narrowly focused on specific employment decisions with immediate consequences, but instead on "the entire spectrum of disparate treatment of men and women in employment, which includes requiring people to work in a discriminatorily hostile or abusive environment . . . Thus, when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." *Morgan*,

5

536 U.S. at 123-24 (internal citations omitted). Accordingly, this Court must consider whether the evidence presented as to the creation of a hostile work environment demonstrated that the inappropriate behavior of Davila's superiors and colleagues was sufficiently severe or pervasive to alter the conditions of Davila's employment and create an abusive working environment. *Fritiofson v. Alexander*, 772 F.2d 1225, 1238 (5th Cir. 1985) (holding that intervening Supreme Court decisions require reconsideration of prior practice); *EEOC v. Luce, Forward, Hamilton & Scripps*, 303 F.3d 994, 1002 (9th Cir. 1992) (holding that reconsideration is necessary when intervening Supreme Court decisions undermine existing precedents). In considering this question, this Court must "look to 'all the circumstances,' including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Morgan,* 536 U.S. at 124 (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 126 L. Ed. 2d 295, 114 S. Ct. 367 (1993)).

Davila presents evidence that his superiors and colleagues did not appreciate his willingness to litigate and had concerns about his mental stability and workmanship. However, he presents no evidence that the actions and statements of his superiors and colleagues were sufficiently severe or pervasive to alter the conditions of Davila's employment and create an abusive working environment. *Id.* at 123-24. In particular, the allegations made by Davila involved no physical threats, infrequent and minor incidents, and a rotating cast of twelve alleged victimizers, all of whom share the same ethnicity as Davila. *Id.* at 124. Furthermore, the alleged discrimination does not seem to have unreasonably interfered with Davila's work performance. *Id.* For these reasons, the

6

evidence as to the creation of a hostile work environment does not constitute evidence of adverse employment actions. *Id.*

Viewing the evidence in the light most favorable to Davila, there is no genuine issue as to any material fact. *Quorum Health,* 308 F.3d at 458. Therefore, the Defendant is entitled to a judgment as a matter of law. *Id.* Accordingly, the district court's grant of summary judgment in favor of the Defendant is AFFIRMED.