United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 02-21155
Summary Calendar

_____

THOMAS HENRICKSON,

Plaintiff-Appellant,

versus

JOHN E. POTTER, POSTMASTER GENERAL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

 Appellant asserts that the district court erred in granting summary judgment as to his disability

discrimination claim. We affirm.

1

## I. FACTS AND PROCEEDINGS

Appellant Thomas Henrickson ("Henrickson") worked for Appellee United States Postal Service ("USPS") from May 25, 1985, to July 19, 2000. On June 21, 1996, Henrickson was diagnosed with carpal tunnel syndrome, which caused him to suffer numbness and tingling in his left and right hands as well as some shooting pain in his left arm. Between 1996 and 1999, Henrickson underwent physical therapy and several medical procedures to alleviate the symptoms of carpal tunnel syndrome.

Dr. Michael G. Brown ("Dr. Brown"), Henrickson's doctor, recommended that Henrickson receive an ergonomic chair with nonstandard armrests in order to reduce stress on his elbows, wrists, and shoulders.[1] Henrickson selected a custom chair from a retail store to suit his needs and requested on May 22, 1998, that USPS purchase the chair for his use.[2] USPS denied his request.[3] Instead, USPS offered him a range of alternative chairs that were already available, including several ergonomic chairs with adjustable armrests.[4] R.241. Henrickson refused this offer and insisted on the

---

[1] Following his return from a three-month medical leave in March 1998, Henrickson was given a limited-duty job to accommodate the restrictions on his abilities noted by his doctor, such as "no reaching above shoulder" and "may only work at waist level or below." Henrickson was employed in this position from March 2, 1998, until May 22, 1998.

[2] In his Affidavit, Henrickson asserted that he submitted medical records to USPS on at least five different occasions in 1998. In Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, however, Henrickson cited a meeting on May 22, 1998, with Supervisor Yvonne Edwards, Manager of Distribution Operations Linda Schultz, and Mail Handler M.D. Thomas as the only time he requested the custom chair. The record indicates that only Edwards could have authorized the purchase of the custom chair. R.414. The nature of Thomas' position indicates that he did not have such authority, and Schultz explicitly stated that she did not have such authority. R.320.

[3] USPS explained that Dr. Brown only recommended an ergonomic chair with nonstandard armrests and did not order Henrickson to use only the specific model of chair selected by Henrickson.

[4] The alternative chairs included those that were already on the premises and those that USPS had available elsewhere.

2

purchase of the custom chair.[5] Due to the lack of the custom chair, Henrickson refused to report for work beginning on May 22, 1998, until his dismissal on July 19, 2000.[6]

In March 1999, Henrickson initiated contact with an Equal Employment Opportunity ("EEO") counselor regarding his dispute with USPS over the custom chair. Following the completion of the EEO investigation, the administrative law judge recommended that USPS find that no discrimination had occurred. Subsequently, Henrickson filed a lawsuit in federal district court on May 12, 2000, alleging that USPS failed to accommodate his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101; the Rehabilitation Act, 29 U.S.C. § 701; the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e; and the Civil Rights Act of 1866 and 1871 ("Section 1981"), 42 U.S.C. § 1981.

The district court granted summary judgment in favor of USPS on the claims under: (1) the ADA, because it does not permit discrimination actions against the federal government, 42 U.S.C. § 12111(5)(B), and USPS is a federal employer, 39 U.S.C. § 201 (stating "[t]here is established, as an independent establishment of the executive branch of the Government of the United States, the United States Postal Service"); (2) Section 1981, because it does not permit discrimination actions against the federal government, *Eastland v. Tennessee Valley Authority*, 553 F.2d 364, 371 (5th Cir. 1977), and Henrickson did not allege racial discrimination, *Felton v. Polles*, 315 F.3d 470, 473-74 (characterizing Section 1981 as "proscrib[ing] racial discrimination in 'making and enforcement' of

---

[5] According to the Appellee's Brief and his Affidavit, Henrickson refused to even test the suitability of the alternative chairs.

[6] His absence from June 8, 1998, to September 1998 was supported by his doctor's recommendation that he not return to work in order to prevent further re-injury. R.118. Except for this period of time, USPS listed Henrickson as absent without leave (AWOL) beginning on May 22, 1998. According to his Affidavit, Henrickson did not receive any compensation or benefits from USPS subsequent to May 20, 1998.

contracts, including their 'performance' and 'enjoyment of all benefits ... and conditions of the contractual relationship'"); (3) Title VII, because Henrickson showed a protected activity (filing the complaint with the EEO counselor) but not an adverse employment action in response to his protected activity;[7] and (4) the Rehabilitation Act, because Henrickson failed to contact the EEO counselor within 45 days of the alleged discriminatory act.[8] 29 C.F.R. § 1614.105(a)(1).

## II. STANDARD OF REVIEW

"A grant of summary judgment is reviewed *de novo* . . . Summary judgment is appropriate when there 'is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" *Quorum Health Res., L.L.C. v. Maverick County Hosp. Dist.,* 308 F.3d 451, 458 (5th Cir. 2002) (internal citations omitted) (quoting *Conoco, Inc. v. Medic Systems, Inc.,* 259 F.3d 369, 371 (5th Cir. 2001)). This Court "must view facts and inferences in the light most favorable to the party opposing the motion. A factual dispute precludes a grant of summary judgment if the evidence would permit a reasonable jury to return a verdict for the nonmoving party." *Id.* (internal citations omitted).

## III. DISCUSSION

On appeal, Henrickson challenges the grant of summary judgment in favor of USPS in regards to his claims under the ADA and the Rehabilitation Act.

First, Henrickson contends that he established a *prima facie* case of disability discrimination under the ADA. In clear statutory language, Congress established that USPS is part of the federal

---

[7] In May 1998, USPS denied Henrickson's requests to purchase the custom chair. Henrickson first contacted the EEO counselor in March 1999. Therefore, the failure to purchase the custom chair cannot be characterized as retaliation in response to a protected activity.

[8] The first alleged discriminatory act (refusal to purchase custom chair) occurred in May 1998, but Henrickson did not contact the EEO counselor until March 1999.

government, 39 U.S.C. § 201 (stating "[t]here is established, as an independent establishment of the executive branch of the Government of the United States, the United States Postal Service"), and that the entire federal government is excluded from the coverage of the ADA. 42 U.S.C. § 12111(5)(B) (stating that "[t]he term 'employer' does not include the United States [or] a corporation wholly owned by the government of the United States"). Therefore, whether Henrickson established a *prima facie* case of disability discrimination under the ADA is irrelevant because no such claim is permitted under the statute against USPS.

Second, Henrickson concedes that "[i]t is undisputed that all of Complainant's allegations fall outside of the 45-day time limit" for contacting an EEO counselor.[9] R.171. This statement recognizes that he had no viable claims under the Rehabilitation Act because he failed to contact the EEO counselor within 45 days of the alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1).

On appeal, Henrickson seeks to escape his failure to act within the 45-day limit by alleging a "continuing violation." Plaintiffs asserting continuing violations "must demonstrate more than a series of discriminatory acts. [They] must show an organized scheme leading to and including a present violation such that it is the cumulative effect of the discriminatory practice, rather than any discrete occurrence, that gives rise to the cause of action." *Huckabay v. Moore*, 142 F.3d 233, 239 (5th Cir. 1998) (internal citations omitted). This language indicates that Henrickson must, at a minimum, demonstrate that there was a series of alleged discriminatory acts.

The alleged discriminatory act of which Henrickson complains is the denial of his request for the custom chair. By his own admission, Henrickson only requested the custom chair on a single

---

[9] In Plaintiff's Response in Opposition to Defendant's Amended Motion and Amended Memorandum to Dismiss Plaintiff's Original Complaint – First Amended, Henrickson discussed a "letter allegation" that allegedly did not fall outside the 45-day limit. R.171. On appeal, however, Henrickson did not raise the "letter allegation."

5

occasion. Therefore, Henrickson failed to meet the bare minimum of requirements for establishing a continuing violation.[10]

Alternatively, Henrickson identifies being listed as "absent without leave" (AWOL) status as the allegedly discriminatory act. Beginning on May 22, 1998, Henrickson refused to report for work. As a result, USPS listed Henrickson as AWOL beginning on May 22, 1998. "The focus is on what event, in fairness and logic, should have alerted the average lay person to act to protect his rights." *Id.* at 238 (citing *Messer v. Meno*, 130 F.3d 130, 134-35 (5th Cir. 1997)). The initial listing of Henrickson on AWOL status should have alerted Henrickson to act to protect his rights. *Id.* Therefore, Henrickson had 45 days from the initial listing on May 22, 1998, to contact an EEO counselor. By his own admission, he did not contact an EEO counselor until March 1999 and thus failed to meet the deadline.

Furthermore, the jurisprudence of this Court indicates that continuing to list Henrickson as AWOL until his termination on July 19, 2000, did not constitute a "continuing violation." *Id.* at 239 n.3 (holding that the "mere receipt of a [biweekly] paycheck [did] not constitute a 'continuing act' of discrimination"). Therefore, Henrickson failed to meet the bare minimum of requirements for establishing a continuing violation.

## IV. CONCLUSION

Viewing facts and inferences in the light most favorable to Henrickson, it is clear that there is no genuine issue as to any material fact, and USPS is entitled to judgment as a matter of law. The judgment of the district court is AFFIRMED.

---

[10] Henrickson claims that he submitted medical records and other materials on multiple occasions. However, he only requested the custom chair on a single occasion.

6