IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2007

Charles R. Fulbruge III
Clerk

No. 06-30838
Summary Calendar

MICHAEL D MARLIN

Plaintiff-Appellant

v.

JOEL D ALEXANDRE; SCARLET LUSK; MISS FONTENOT; WARDEN
FEDERAL CORRECTIONAL INSTITUTION OAKDALE LOUISIANA

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CV-1947

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Michael D. Marlin, federal prisoner # 08387-003, appeals the district court's dismissal of his Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), complaint in which he raised deliberate indifference claims pursuant to the Eighth Amendment and claims pursuant to the Americans with Disabilities Act (ADA). Marlin reasserts his arguments on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal. He has also filed a motion to amend his brief to present "new evidence" in support of his deliberate indifference claims.

The district court dismissed Marlin's deliberate indifference claims as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court reviews the dismissal of a complaint pursuant to § 1915(e)(2)(B)(i) as frivolous for abuse of discretion; however, a dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is reviewed de novo. Geiger v. Jowers, 404 F.3d 371, 373 (2005); Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). Because the district court dismissed the claims pursuant to both subsections, our review is de novo. See Geiger, 404 F.3d at 373.

At most, Marlin's argument is a disagreement with the treatment he received for his medical condition or an incorrect diagnosis on the part of the prison medical personnel, both of which are insufficient to raise an issue of material fact on a claim of deliberate indifference. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); Johnson, 759 F.2d at 1238. Accordingly, Marlin has failed to show that the district court erred in dismissing his deliberate indifference claims for failure to state a claim on which relief may be granted.

Marlin contends that the defendants also violated the ADA. The Bureau of Prisons is an agency of the Department of Justice, which is within the executive branch of the government. See United States v. Bourgeois, 423 F.3d 501, 509 (5th Cir. 2005). Consequently, the district court did not err in dismissing Marlin's ADA claims against Dr. Alexandre and Miss Fontenot on the basis that the ADA is not applicable to the federal government. See 42 U.S.C. § 21111(5)(B); Henrickson v. Potter, 327 F.3d 444, 447 (5th Cir. 2003). The dismissal of Marlin's ADA claim against Scarlet Lusk, however, is affirmed because it is duplicative of a claim raised in case no. 2:05-cv-2172, which is pending before the district court on remand from this court. See Marlin v. Young, No. 06-30663 (5th Cir. August 8, 2007) (unpublished); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).

Accordingly, Marlin's motion to amend his brief is GRANTED; the judgment of the district court is AFFIRMED.