# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-31132
Summary Calendar

PAULETTA DAVIS WASHINGTON,

Plaintiff–Appellant,

v.

DEPARTMENT OF HOMELAND SECURITY, Janet Napolitano, Secretary,

Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-3607

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Pauletta Davis Washington appeals the district court's grant of summary judgment in favor of the Secretary of the Department of Homeland Security (Secretary). Washington also appeals the denial of her motion for a protective order and the district court's exclusion of certain evidence. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**I**

Washington was a lead screener for the Transportation Security Administration (TSA) at the New Orleans Armstrong International Airport. Due to Hurricane Katrina, Washington was forced to evacuate her home and relocate to Alexandria, Louisiana. Following TSA instructions, Washington reported to the Alexandria airport on September 12, 2005. On September 23, 2005, Washington's supervisor at the New Orleans airport, Teresa Teague, called Washington to inform her that, because she had not been at work for an extended period prior to the hurricane, she would have to obtain a physician's note and undergo retraining and recertification before being allowed to return to work. Teague also informed Washington that she was facing possible disciplinary action as a result of walking off of the job on June 1 and 2, 2005. Washington was never disciplined for these incidents.

Based on the September 23, 2005 phone call, Washington contacted an Equal Employment Opportunity (EEO) representative on December 19, 2005, and later lodged an EEO complaint alleging that she was being harassed. The TSA issued a final agency decision denying the claim, concluding that Washington waited too long to contact an EEO counselor and that a single phone call suggesting potential discipline that never resulted in an adverse action was not severe or pervasive such that it constituted an actionable claim.

Washington filed a four-page complaint in federal district court claiming that she was subjected to a hostile work environment. The district court granted the Secretary's motion to dismiss or, alternatively, for summary judgment. Washington timely appealed.

## II

Because the district court considered evidence outside of Washington's complaint, its decision is properly categorized as a grant of summary judgment.[1] We review the district court's grant of summary judgment de novo.[2]

Washington claims that she was subjected to a hostile work environment. A person who believes that she has been discriminated against based on race, color, religion, sex, national origin, age, or handicap must consult with an EEO counselor to attempt to informally resolve the matter "within 45 days of the date of the matter alleged to be discriminatory."[3] Failure to contact an EEO counselor within forty-five days subjects the claims to dismissal,[4] "absent a defense of waiver, estoppel, or equitable tolling."[5]

In Washington's initial complaint, she attached a letter from Janet D. White, an EEO Counselor, who explained that Washington initially contacted an EEO official on December 19, 2005. Because Washington contacted the EEO official more than forty-five days after the September 23, 2005 phone call and Washington does not claim that waiver, estoppel, or equitable tolling applies, the district court correctly concluded that it lacked jurisdiction.

AFFIRMED.

---

[1] *See* FED. R. CIV. P. 12(d).

[2] *James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008).

[3] 29 C.F.R. § 1614.105(a)(1).

[4] *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003) (affirming summary judgment in favor of the Postal Service where the plaintiff failed to contact an EEO counselor within forty-five days of the alleged discriminatory conduct).

[5] *Pacheco v. Rice*, 966 F.2d 904, 905 (5th Cir. 1992).