**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-11093
Summary Calendar

SCOTT CHAMBERLAIN

Plaintiff-Appellant

v.

RODNEY W CHANDLER, Warden; JORGE L PARTIDA, Dr, Medical
Department Clinical Director; ARY MARTINEZ, Medical Department
Administrator

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:08-CV-27

Before JONES, Chief Judge, and GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Scott Chamberlain, federal prisoner # 07579-094, appeals the district
court's dismissal of his pro se complaint filed pursuant to *Bivens v. Six Unknown
Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and moves for
the appointment of counsel. In his complaint, he alleged that the defendants
were deliberately indifferent to his serious medical needs and alleged claims

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

under the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973, 29 U.S.C. § 794(a).

The district court dismissed sua sponte Chamberlain's deliberate indifference claims for failure to exhaust based on Chamberlain's admission at the *Spears*[1] hearing that he did not file administrative grievances at the regional and central office level during his incarceration at the Federal Correctional Institute, Big Spring.

In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court held that an inmate's failure to exhaust is an affirmative defense under the Prison Litigation Reform Act and that "inmates are not required to specially plead or demonstrate exhaustion in their complaints." This court recognizes that under *Jones* it is error for a district court to use screening procedures, such as a *Spears* hearing, to resolve the question of exhaustion before a responsive pleading is filed. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). Thus, under *Jones* and *Carbe*, the district court erred in dismissing sua sponte Chamberlain's deliberate indifference claims for failure to exhaust, and we therefore vacate that portion of the district court's judgment.

The district court dismissed as frivolous Chamberlain's claims under the ADA and the Rehabilitation Act. A complaint is frivolous "if it lacks an arguable basis in fact or law." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (internal quotation marks omitted). This court's review is for abuse of discretion. *See Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998).

The Bureau of Prisons is an agency of the Department of Justice, which is within the executive branch of the government. *See United States v. Bourgeois*, 423 F.3d 501, 509 (5th Cir. 2005). Consequently, the district court did not err in dismissing Chamberlain's ADA claims against the defendants on the basis that the ADA is not applicable to the federal government. *See*

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

42 U.S.C. § 21111(5)(B); *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003).

With regard to Chamberlain's entitlement under the Rehabilitation Act, claims for monetary damages for alleged discrimination under any program or activity against the Bureau of Prisons or its director are shielded by sovereign immunity. *See Lane v. Pena*, 518 U.S. 187, 192-93 (1996).

Finally, Chamberlain has not shown "exceptional circumstances" warranting the appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Although Chamberlain has alleged physical ailments bearing upon his ability to proceed *pro se*, Chamberlain has adequately presented his case thus far and the issues are not complex. *See id.*

Accordingly, the district court's dismissal of Chamberlain's deliberate indifference claims is VACATED, and the case is REMANDED for further proceedings in light of *Jones*. The district court's dismissal of Chamberlain's remaining claims is AFFIRMED. Chamberlain's motion for appointment of counsel is DENIED.