**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-40160

JOE WALLACE, doing business as Video Liquidators

Plaintiff-Appellant

VERSUS

MICHAEL E. WELLBORN, ET AL.

Defendants

LISA SHEPPARD, Department of Public Safety Agent, DANNY
CONTRERAS, Department of Public Safety Agent

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas

February 8, 2000

Before KING, Chief Judge, and DUHÉ and DeMOSS, Circuit Judges.

DUHÉ, Circuit Judge:

Joe Wallace ("Wallace"), doing business as Video Liquidators, appeals the district court's order granting summary judgment based on qualified immunity to Department of Public Safety ("DPS") Agents Lisa Sheppard ("Sheppard") and Danny Contreras ("Contreras"). We affirm.

## I.  BACKGROUND

Based on public complaints, Sheppard and Contreras began a criminal investigation of four adult video stores in Portland, Texas.  Contreras purchased several allegedly obscene videos from Wallace's store.  Sheppard reviewed these videos and concluded that they met the statutory definition of obscenity.

Thereafter, Sheppard, with the assistance of her supervisor, drafted and presented affidavits for search and seizure warrants of the four video stores to the Patricio County Court. She also drafted the search and seizure warrants.  The judge reviewed and signed a warrant authorizing the agents to search all four stores. The warrant also authorized the agents to seize all material found to be in violation of Texas Penal Code § 43.21 et seq., which outlaws the promotion of obscenity, and Texas Business and Commerce Code § 35.94(a), which outlaws the sale of videotapes that do not clearly display the name of the manufacturer on the package cover.

The DPS and other law enforcement agencies served the warrants on the four stores.  Sheppard and Contreras searched Video Liquidators and seized 2,134 videotapes, 42 magazines, 75 eight-millimeter movie reels, two birthday cards, and 17 toys as evidence.  The agents seized multiple copies of the same videos, and they confined the search to the back of the store where the sexually-orientated material was displayed.  They also arrested Wallace for violating Texas Penal Code § 43.21.  Before the seizure, no judicial hearing to review the videos' content was

2

convened.  The government tried Wallace twice for violating Texas obscenity law.  A jury did not reach a verdict in Wallace's first trial, and, in a second trial, a jury acquitted him.  After the verdict the government returned the remainder of Wallace's property.

Wallace sued under 42 U.S.C. § 1983 for damages against Contreras and Sheppard.  Wallace contends the agents unlawfully seized the videos from his store without a prior adversarial judicial proceeding.  The agents successfully moved for summary judgment based on qualified immunity.  The district court denied Wallace's motion for summary judgment.

## II.  DISCUSSION

We review a summary judgment de novo.  Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046 (5th Cir. 1996).  To establish that the agents are not entitled to summary judgment based on qualified immunity, Wallace must satisfy a three-part test.  First, the plaintiff must allege the deprivation of a constitutional right.  Second, we must determine whether this right was clearly established at the time of the alleged violation.  Finally, we must determine whether the record at least gives rise to a genuine issue of material fact as to whether the defendants actually engaged in the conduct that violated this clearly established right. Kipps v. Caillier, 197 F.3d 765, 768 (5th Cir. 1999) (internal citations omitted).

The general rule under the Fourth Amendment is that any and

3

all contraband, instrumentalities, and evidence of crimes may be seized based on probable cause. Fort Wayne Books, Inc. v. Indiana, 489 U.S. 46, 62-63 (1989). However when First Amendment rights are implicated, courts must apply "rigorous procedural safeguards . . . before expressive materials can be seized as 'obscene.'" Id. (citing Marcus v. Search Warrant, 367 U.S. 717, 732 (1961)). Therefore, procedural safeguards, including a prior judicial adversarial proceeding, are usually required in a civil context. A Quantity of Copies of Books v. Kansas, 378 U.S. 205, 210 (1964).

The Supreme Court has held that there is no absolute right to a prior adversarial hearing in cases where allegedly obscene material is seized to preserve evidence in a criminal prosecution. Heller v. New York, 413 U.S. 483, 488 (1973); United States v. Echols, 577 F.2d 308, 310 (5th Cir. 1978). After the seizure, a defendant may request a prompt judicial determination of the obscenity issue if the seizure was completed without a prior judicial hearing. Heller, 413 U.S. at 492 n.8.

Based on Heller, the district court concluded that the record demonstrated that the agents obtained and executed the warrant for the sole purpose of obtaining and preserving evidence for Wallace's criminal prosecution. The district court held that Wallace had no clearly established constitutional right to a prior adversarial hearing, and the agents were entitled to qualified immunity.

Wallace argues that this case is different than Heller because that case involved the seizure of one film rather than the seizure

4

of more than 2000 videotapes, many of them duplicative. Even though this case is distinguishable from <u>Heller</u> on the facts, Wallace still does not enjoy a clear constitutional right to a prior judicial hearing. First, neither <u>Heller</u> nor <u>Fort Wayne Books</u> states affirmatively that seizing multiple copies of an item without a prior judicial proceeding is unconstitutional. <u>Heller</u>, 413 U.S. at 492 n.8 (questioning the need to seize multiple copies of a film as purely cumulative evidence); <u>Fort Wayne Books</u>, 489 U.S. at 63, <u>quoting</u> <u>Heller</u>, 413 U.S. at 492 ("While a single copy of a book or film may be seized and retained for evidentiary purposes based on a finding of probable cause, the publication may not be taken out of circulation completely until there has been a determination of obscenity after an adversarial hearing."). Second, Contreras stated in an affidavit that it was necessary to seize the large quantity of evidence because each item was under Texas law illegal contraband. <u>See</u> <u>also</u> <u>Hicks v. Cassilly</u>, 97-2206, 97-2219, 1998 WL 433299 (4th Cir. July 27, 1998) (unpublished opinion) (holding that an officer was entitled to qualified immunity where more than 1,000 items were seized from an adult bookstore to preserve evidence in a criminal case without a prior adversarial hearing).

Therefore, Appellant has not shown a clearly established right to a pre-seizure hearing.

AFFIRMED.