**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 17, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-10411
_____

RAUL RODRIGUEZ,

                              Plaintiff - Appellee,

                    versus

L. LOZANO, Smith Unit; ET AL,

                              Defendants

L. LOZANO, Smith Unit; CAPTAIN A. ALVARADO, Smith Unit; OFFICER K. VELA, Smith Unit; J. COLLINS; G. MITCHELL,

                              Defendants - Appellants.

_____

Appeal from the United States District Court
For the Northern District of Texas

_____

( 5:00-CV-265 )

Before JOLLY, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Raul Rodriguez, a state prisoner, brought this § 1983 action against Warden L. Lozano, Captain A. Alvarado, and Officers Vela, Smith, and Collins, state prison officials, alleging that they had failed to protect him from fellow inmates in violation of the Eighth Amendment.  The prison officials moved for summary judgment

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on the basis of qualified immunity.  The Magistrate Judge denied the motion, finding that genuine issues of material fact precluded summary judgment.  The officials here challenge the materiality of the existing genuine issues of fact and the admissibility of Rodriguez's summary judgment evidence.  We hold that the fact issues found to preclude summary judgment for Lozano, Alvarado, Collins, and Mitchell are immaterial, and reverse the denial of their summary judgment motions.  We agree with the Magistrate Judge that genuine issues of material fact preclude summary judgment for Officer Vela.

I

In April 2000, Rodriguez was an inmate in the Smith Unit of the Texas Department of Criminal Justice.[1]  Defendant Lupe Lozano was the Warden and Defendant Alberto Alvarado was a Captain of the Smith Unit.  Defendants Jody Collins, Gregory Mitchell, and Kevin Vela were correctional officers in the facility.

Officers Collins and Mitchell were assigned to be "rovers" on the night of the incident, patrolling three sections of the building, passing out mail, making sure all inmates were accounted for, and letting inmates in and out of their cells and into the building's common areas.  Officer Vela worked the "control picket" position that night.  The officer in the control picket oversees

---

[1] Because this is an interlocutory appeal from the denial of Defendants' motion for summary judgment, the facts are presented in the light most favorable to Plaintiff Raul Rodriguez. *See White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).

2

the three sections of the building patrolled by the rovers and watches the rovers as they perform their duties. From the control picket, Officer Vela could open and close section doors and cell doors by remote control. Lights in the control picket signal which doors are closed and which are open. Apparently, cell doors can, however, be jammed to prevent their locking even while generating a signal to the control picket officer that the jammed door is closed and locked.

Around 6:30 p.m. on April 7, 2000, Officers Collins and Mitchell conducted a count of the E-Section, where Rodriguez was housed. Finishing their count, they moved to another section of the facility. Fifteen or twenty minutes later, Rodriguez awakened to find that his cell door was open. Rodriguez alleges that Officer Vela opened his cell door, and he provides affidavits from Juan Carlos Diaz and Derrick Johnson supporting this allegation.

Rodriguez stepped outside his cell and was promptly confronted by three or four other inmates, who dragged him into his cell, closed the door, and assaulted him. Rodriguez's attackers left the cell, but twice returned to beat Rodriguez further. Rodriguez again alleges that Officer Vela opened his cell door to let them in. Rodriguez provides evidence suggesting that Officer Vela knew that the inmates were attacking Rodriguez, but failed to do anything to stop the beating.

At approximately 8:30 p.m., Officers Collins and Mitchell

3

returned to the E-Section for another count of the inmates. Once there, they found the badly injured Rodriguez. Officer Mitchell contends that the lock on Rodriguez's cell door had been jammed, which prevented the door from locking, yet made the door appear locked from the control picket. Officers Collins and Mitchell immediately called for assistance. Rodriguez was taken to an outside hospital.

Warden Lozano and Captain Alvarado were not present during the incident. Warden Lozano subsequently conducted an investigation. Captain Alvarado played no role in the investigation.

Rodriguez, proceeding *pro se,* filed a lawsuit under 42 U.S.C. § 1983, alleging in relevant part that Defendants had violated his Eighth Amendment rights by failing to protect him from his fellow inmates. He retained counsel approximately one year after filing his complaint, although he did not file an amended complaint. Defendants moved for summary judgment on the basis of qualified immunity. Rodriguez filed a reply to Defendants' motion, which included evidence that had not been formally provided to Defendants during discovery. Defendants filed a motion to strike this evidence, which the magistrate denied. The Magistrate Judge denied Defendants' motion for summary judgment, after finding that genuine issues of material fact remained. Defendants now bring this interlocutory appeal.

II

A

We must first determine whether we have jurisdiction to hear this appeal.[2] Rodriguez claims that we do not have jurisdiction to review the denial of summary judgment because the Magistrate Judge found that genuine issues of material fact remain, and we are precluded from reviewing such factual disputes on interlocutory appeal. Defendants, however, claim that their appeal turns on an issue of law because they challenge the materiality of the genuine issues of fact, not that genuine issues of fact exist.

In *Mitchell v. Forsyth*,[3] the Supreme Court held that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291." This court has held that "[t]he denial of a motion for summary judgment based on qualified immunity is immediately appealable notwithstanding that such denial was premised upon the existence of material issues of fact.'"[4] Although the court does not have jurisdiction to review the lower court's finding that particular factual issues are

---

[2] *See Behrens v. Pelletier*, 516 U.S. 299, 312-14 (1996); *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) ("Before looking at the merits of this interlocutory appeal [from a denial of qualified immunity], we first examine the basis for our jurisdiction.").

[3] 472 U.S. 511, 530 (1985).

[4] *Thompson v. Upshur County*, 245 F.3d 447, 455 (5th Cir. 2001) (brackets and quotation marks omitted) (citing *Behrens*, 516 U.S. at 312-314).

5

"genuine," the court does have jurisdiction "to review the magistrate's determination that certain facts or factual disputes are 'material' to the issue of qualified immunity."[5] Issues are material when "resolution of the issues might affect the outcome of the suit under governing law."[6]

Given that Defendants argue on appeal that the genuine issues of fact in this case are not material and that summary judgment was appropriate notwithstanding the existing fact questions, this panel has jurisdiction under 28 U.S.C. § 1291.[7] In resolving Defendants' contentions, "we review the complaint and record to determine whether, assuming that all of [Rodriguez's] factual assertions are true, those facts are materially sufficient to establish that defendants acted in an objectively unreasonable manner."[8] Specifically, we must determine whether the facts as alleged by Rodriguez constitute an Eighth Amendment violation and whether any genuine issues of material fact preclude summary judgment.

Rodriguez also asserts that we lack jurisdiction to consider Defendants' challenge to the district court's consideration of certain summary judgment evidence. Defendants contend that in concluding that genuine issues of material fact precluded summary

---

[5] *Id.* at 455-56.

[6] *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir. 1998).

[7] *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 340-43 (5th Cir. 2001); *Colston*, 146 F.3d at 284.

[8] *Wagner v. Bay City*, 227 F.3d 316, 320 (5th Cir. 2000).

6

judgment, the Magistrate Judge should not have considered prisoner affidavits contained in Rodriguez's response because the evidence was not formally provided to Defendants during discovery. We have previously stated that "[w]here . . . the admissibility of particular evidence is critical to a summary judgment founded on qualified immunity, this court has not hesitated to review the admissibility of the evidence on appeal."[9] In this case, the controverted evidence is critical to the summary judgment because it is Rodriguez's primary evidence of the state officers' conduct. As a result, this panel has jurisdiction to consider whether the Magistrate Judge properly considered Rodriguez's summary judgment evidence.

B

Our standard of review differs from our typical review of summary judgment motions because of our limited jurisdiction to review denials of motions for summary judgment based on qualified immunity.[10] We "consider only whether the district court erred in assessing the legal significance of the conduct that the district court deemed sufficiently supported for purposes of summary judgment."[11]

"The threshold inquiry a court must undertake in a qualified

---

[9] *Mersch v. City of Dallas*, 207 F.3d 732, 735 (5th Cir. 2000).

[10] *Kinney v. Weaver*, 367 F.3d 337, 347–48 (5th Cir. 2004) (en banc).

[11] *Id*. at 348.

immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation."[12]  If the allegations establish a constitutional violation, the court next considers whether the defendants' actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known."[13]  If these two questions are answered in the affirmative, the court must next determine "whether the record at least gives rise to a genuine issue of material fact as to whether the defendants actually engaged in the conduct that violated this clearly established right."[14]

The Eighth Amendment requires that prison officials protect prisoners from violence at the hands of their fellow prisoners.[15] Prison officials are not, however, liable for all inmate-on-inmate violence.[16]  A prison official is liable only if he is deliberately indifferent to a substantial risk of serious harm.[17] To be deliberately indifferent, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[18]  In

---

[12] *Hope v. Pelzer*, 536 U.S. 730, 736 (2002).

[13] *Id.* at 739 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[14] *Wallace v. Wellborn*, 204 F.3d 165, 167 (5th Cir. 2000).

[15] *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994).

[16] *Id.* at 834.

[17] *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003).

[18] *Farmer*, 511 U.S. at 837.

other words, the prison official must be subjectively aware of a substantial risk of serious harm to the inmate.[19] The plaintiff, however, may rely on circumstantial evidence indicating that because the risk was obvious, the official must have known of the risk to the inmate.[20]

## III

According to Defendants, the fact issues the Magistrate Judge found to preclude summary judgment are immaterial, and taking Rodriguez's allegations as true, summary judgment was appropriate for Lozano, Alvarado, Collins, and Mitchell because their alleged conduct does not violate Rodriguez's Eighth Amendment rights. Defendants further assert that the trial court improperly considered prisoner affidavits concerning Vela's actions, and without these affidavits, summary judgment is appropriate for Vela.

## A

The Magistrate Judge did not err in denying Officer Vela's summary judgment motion; Rodriguez's allegations and evidence, if true, properly allege an Eighth Amendment violation. Rodriguez alleges that Officer Vela twice opened his cell door to let Rodriguez's attackers into the cell, knowing full well what Rodriguez's attackers intended to do, and that he did not call for help or medical assistance despite his knowledge of the attack.

---

[19] *Adames*, 331 F.3d at 512.

[20] *Id.*

In support of his allegations against Officer Vela, and in opposition to Defendants' motion for summary judgment, Rodriguez supplied affidavits from Juan Carlos Diaz and Derrick Johnson. Diaz claims that he saw inmates from a different building talking to Officer Vela in the control picket. In addition, Diaz claims that, about an hour later, he saw Rodriguez's cell door open and saw certain inmates dragging him inside the cell. Diaz further stated, "I looked at the officer in the picket and he saw me looking at what was going on. But he never did anything." Johnson also claims that he "looked at the 'picket' and [the picket officer] was looking up toward Rodriguez's cell." Furthermore, Johnson alleges that, when the inmates finished beating Rodriguez the first time, the inmates left the door partially open, and walked right by the picket officer to their cells.

Defendants moved to strike Diaz's and Johnson's affidavits from Rodriguez's response because these affidavits had not been formally provided to Defendants during discovery. The Magistrate Judge denied Defendants' motion without substantive comment. Defendants argue that it was error for the Magistrate Judge to refuse to strike Diaz's and Johnson's affidavits.[21]

We review a trial court's discovery-related decisions "under

---

[21] Defendants, citing *Mersch*, argue that this evidence should not have been considered by the Magistrate Judge because it was *inadmissible*. But the evidence is not inadmissible like the evidence in *Mersch*; rather, the contention is that it is excludable by the Magistrate Judge because of discovery violations.

10

a deferential abuse of discretion standard."[22] This court will only reverse a discovery ruling in "unusual and exceptional cases."[23]

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just." This Rule affords the court broad discretion.[24] In exercising its discretion, the court should consider factors such as "the reasons why disclosure was not made, the prejudice to the opposing party, the feasibility of rectifying that prejudice by granting a continuance, and other relevant circumstances."[25]

On July 18, 2001, the Magistrate Judge issued a scheduling order requiring the parties to disclose "[t]he name . . . of each person likely to have information that bears significantly on any claim or defense [and] a brief summary of the substance of the information known by the person." Notwithstanding the Magistrate Judge's order, Rodriguez did not formally provide Diaz's and Johnson's names or affidavits to Defendants during the discovery period. Nonetheless, these affidavits were available to Defendants

---

[22] *Rubinstein v. Adm'rs of Tulane Educ. Fund*, 218 F.3d 392, 397-98 (5th Cir. 2000).

[23] *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 569 (5th Cir. 1996) (brackets and quotation marks omitted).

[24] *See id.*

[25] *United States v. Bentley*, 875 F.2d 1114, 1118 (5th Cir. 1989).

11

long before Rodriguez filed his reply to Defendants' motion for summary judgment. Rodriguez submitted Diaz's affidavit and a statement from Johnson to the Magistrate Judge as part of his motion for appointment of counsel, filed with the court on May 18, 2001. In addition, Diaz's and Johnson's affidavits were included in Rodriguez's Motion for Continuance filed on May 14, 2002, which, in addition to being filed with the court, was sent to Defendants' counsel.

Defendants were not prejudiced by Rodriguez's failure to provide the affidavits formally. Rodriguez did not file his response to Defendants' motion for summary judgment until September 2, 2002 – three and a half months after Defendants were provided with the affidavits in Rodriguez's Motion for Continuance. Defendants had ample time to amend their motion for summary judgment. Thus, the Magistrate Judge did not abuse her discretion in denying Defendants' motion to strike Diaz's and Johnson's affidavits.

Officer Vela concedes that if the affidavits were properly considered, genuine issues of material fact preclude his summary judgment motion. The Magistrate Judge did not err in denying his motion.

B

Rodriguez alleged below and asserts on appeal that Warden Lozano and Captain Alvarado failed to conduct adequate

12

investigation after the attack. Rodriguez claims that Warden Lozano took no action after the incident, which according to Rodriguez would encourage more inmate assaults, and contends that Alvarado also did nothing after he learned about the incident, other than speaking to two inmates alleged to be part of the attack. Rodriguez, however, did not allege and has provided no summary judgment evidence that Lozano or Alvarado acted or failed to act with deliberate indifference to a substantial risk of serious harm to him *before* the attack.[26]

Taking Rodriguez's allegations as true, Lozano and Alvarado are entitled to qualified immunity because their conduct does not violate clearly established statutory or constitutional rights.[27] Even if true, the allegations would not establish that Lozano and Alvarado were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [that they also drew] the inference."[28] The challenged conduct here involves Lozano and Alvarado's actions after the incident; as such,

---

[26] Although sworn statements and verified complaints can be competent summary judgment evidence, *see Hart v. Hairston*, 343 F.3d 762, 764 n.1 (5th Cir. 2003), most of Rodriguez's allegations do not constitute competent summary judgment evidence because they are not based on his personal knowledge. *See Huckabay v. Moore*, 142 F.3d 233, 240 n.6 (5th Cir. 1998). Rodriguez admitted that he had memory lapses after the attack and that he does not remember much of what happened that night.

[27] *Hope*, 536 U.S. at 736 (explaining a defendant is entitled to qualified immunity if the defendant's conduct did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known").

[28] *Farmer*, 511 U.S. at 837.

13

they cannot form the basis of a failure to protect claim under the Eighth Amendment.[29]

In addition, Lozano and Alvarado cannot be held vicariously liable for the acts of the correctional officers, because "[u]nder § 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."[30]  Although a supervisor not personally involved in an incident can be liable for failure to train or supervise his subordinates, Rodriguez has not alleged that Warden Lozano or Captain Alvarado failed to train or supervise Officer Collins, Officer Mitchell, or Officer Vela.[31]

The issues of fact found by the Magistrate Judge do not preclude Lozano and Alvarado's claim of qualified immunity because the fact issues are immaterial.  The issues of fact are Lozano's and Alvarado's "prior knowledge of Plaintiff's gang activity, threats by gang members, and inspections, maintenance and malfunctions of the cell door mechanisms and lights."  However, since Rodriguez has not alleged that pervasive gang activity and malfunctioning locks caused the incident here, this knowledge is immaterial to whether Lozano and Alvarado acted with deliberate indifference in this case.  Thus, we reverse the Magistrate Judge's

---

[29] *Id.; see also Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998) (explaining that in the context of deliberate indifference, "a prisoner normally must complain about a specific threat to a supervisory official in order to give actual notice to that official").

[30] *Thompson*, 245 F.3d at 459 (quotation marks omitted).

[31] *Id*.

14

denial of Lozano and Alvarado's motion for summary judgment.

C

Rodriguez alleged below and asserts on appeal that if Officers Collins and Mitchell had performed their duties properly, they would have located him sooner and prevented needless suffering. This, however, is not enough to establish that Officers Collins and Mitchell acted with deliberate indifference.[32] Rodriguez does not allege that Officers Collins and Mitchell could have or should have prevented the attack or that they were aware of a risk of such an attack.[33] Rodriguez's allegations do not establish that Officers Collins and Mitchell were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [that they also drew] the inference."[34] Considering that Rodriguez does not allege or present any summary judgment evidence that Officers Collins and Mitchell acted with deliberate indifference, the officers are entitled to summary judgment on the basis of qualified immunity.[35]

The genuine issues of fact identified by the Magistrate Judge

---

[32] *See Adames*, 331 F.3d at 513 ("Even assuming (for the sake of argument) that some officers were derelict in their duties, that evidence would not support the verdict against the prison officials. [Plaintiff] has failed to show that, prior to his attack, the prison officials were aware that any corrections officers had neglected to follow the safety regulations.").

[33] Officers Collins and Mitchell, by contrast, provided affidavits that they were not aware of the attack while it was going on and that they knew of no risk to Rodriguez before the incident.

[34] *Farmer*, 511 U.S. at 837.

[35] *Hope*, 536 U.S. at 736.

15

are no bar this result because they are immaterial. The Magistrate Judge found that genuine issues of material fact exist as to Officers Collins's and Mitchell's "prior knowledge of Plaintiff's gang activity, threats by gang members, and inspections, maintenance and malfunctions of the cell door mechanisms and lights." In addition, the Magistrate Judge found that genuine issues of material fact exist as to "whether Defendants Collins and Mitchell checked the cell door and had knowledge that the lock had been manipulated." Although these fact issues might be relevant to failure-to-protect claims generally, they are not material to Rodriguez's specific failure-to-protect claim. The issues identified by the Magistrate Judge would be important if Rodriguez had alleged that, because of pervasive gang activity and malfunctioning locks, Officers Collins and Mitchell were deliberately indifferent to the risk of an inmate jamming the cell door of another inmate to later enter his cell and attack him. That is not, however, Rodriguez's theory. Rodriguez alleges that Officer Vela purposefully opened his cell door for Rodriguez's attackers. Thus, Officer Collins's and Officer Mitchell's general knowledge about gang activity and malfunctioning locks is not material.

The magistrate also found that a genuine issue of fact exists as to "whether Defendants Collins and Mitchell failed to intervene while the assault was taking place." This fact issue, however, is

16

similarly immaterial to the resolution of Rodriguez's allegation that Collins and Mitchell failed to timely discover him after the attack. Rodriguez makes no allegation and presents no summary judgment evidence that Collins and Mitchell knew of the threat and could have intervened; by contrast, Rodriguez's own complaint alleges that (1) Collins and Mitchell discovered him at the usual time for the officers to conduct cell-checks in that part of the prison; (2) Vela repeatedly opened his cell door to aid the attackers after Collins and Mitchell left the area to perform other duties; (3) it is typical during "count time" to have significant lapses of time between the roving officers checking cells; and (4) Officer Vela was the only person who could have opened the cell door and did so many times. Since Rodriguez has not alleged or presented summary judgment evidence that Officers Collins and Mitchell could have or should have intervened during the attack, this finding of fact is not material and is no bar to Collins and Mitchell's qualified immunity.

Given that Rodriguez's allegations, even if true, do not allege conduct violating his Eighth Amendment rights and that the genuine issues of fact identified by the Magistrate Judge are not material to the resolution of Rodriguez's claims, the Magistrate Judge erred by denying Collins and Mitchell's summary judgment motion.

IV

17

We AFFIRM the denial of Officer Vela's motion for summary judgment and REMAND for further proceedings. We REVERSE the denial of the summary judgment motion as to Warden Lozano, Captain Alvarado, Officer Collins, and Officer Mitchell.