**Michael G. BURT, Appellant,**

v.

**CITY OF BURKBURNETT, Gary Bean in his Official Capacity as City Manager, and Dale L. Bryan in his Official Capacity as Chief of Police, Appellees.**

No. 2–89–236–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 13, 1990.

Rehearing overruled Jan. 8, 1991.

Holly Crampton, Crampton, Crampton & Estrada, Wichita Falls, for appellant.

Charles M. Barnard, Oldham, Barnard & VanDeventer, Wichita Falls, Franklin R. Sears, Sr., Sears & Parker, Sheila Gladstone, Haynes & Boone, Fort Worth, for appellees.

Before WEAVER, C.J., and FARRIS and DAY, JJ.

OPINION

WEAVER, Chief Judge.

Appellant, Michael G. Burt, brought this suit against his former employers, the City of Burkburnett, Gary Bean and Dale L. Bryan, in their official capacities, alleging wrongful discharge. Burt, an employee at will, was discharged as a police officer for the City of Burkburnett after he arrested a citizen of Burkburnett on a charge of public intoxication. After Burt had been given the opportunity to amend his original pleadings, the trial court granted appellees' motion for summary judgment on the basis that Burt's pleadings failed to state a cause of action. Burt's original petition alleged six causes of actions. On appeal, however, he challenges only the dismissal of his wrongful discharge claim, and alleges that the trial court erred in granting appellees' motion for summary judgment because Burt was discharged for refusing to perform an illegal act. We affirm.

Burt alleged in his petition that he was employed as a police officer with the City of Burkburnett Police Department from July 1977 until October 1979. He rejoined the police force in March 1980 and continued to work for the City until his termination on February 9, 1987. On or about February 8, 1987, Burt arrested a prominent citizen of Burkburnett on a charge of public intoxication. The next day after this arrest, Burt was offered the option to resign with good references or to be fired with a bad work record. Burt resigned his position on February 9, 1987. Then on February 10, 1987, he sought to withdraw his resignation and appellees refused to reinstate plaintiff. However, appellee Dale L. Bryan did accept Burt's retraction and

then immediately informed Burt that he was fired.

Burt argues in his one point of error that the trial court erred in granting appellees' motion for summary judgment because he was discharged for refusing to perform an illegal act. In support of his argument, Burt asserts that a police officer is required by statute to arrest offenders of the law in every case where he is authorized by law, and that, in fact, failure to make the arrest would be illegal and subject the officer to criminal prosecution under Texas law. Hence, Burt concludes that he was terminated solely for refusing not to arrest a prominent citizen for public intoxication and was consequently discharged for refusing to perform an illegal act.

In reviewing the granting of a summary judgment we must accept as true the non-movant's version of the evidence and make every reasonable inference in the nonmovant's favor. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952). To sustain the summary judgment the movant must establish as a matter of law that no genuine issue of material fact exists. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

■ The law is well settled in Texas that when a contract of employment is oral or for no definite period of time, the employment relationship is terminable at will by either party. *Currey v. Lone Star Steel Co.*, 676 S.W.2d 205, 212 (Tex.App.—Fort Worth 1984, no writ); *East Line & R.R.R. v. Scott*, 72 Tex. 70, 10 S.W. 99, 102 (1888). In the instant case, Burt does not allege that he had an employment contract for a definite period of time, and on appeal Burt does not dispute that he was an employee at will. In fact, he argues that he comes within one of the two exceptions to the employment-at-will doctrine.

■ Although the long-standing rule in Texas has been that employment at will for an indefinite term may be terminated at will and without cause, the Texas Supreme Court in *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733 (Tex.1985), created a narrow exception to this termination-at-will policy. There, the supreme court held

that an employee could not be terminated if the sole reason for the termination was the employee's refusal to perform an illegal act which subjected the employee to criminal penalty. *Id.* at 735. The sole issue for our determination is whether the allegation by Burt that he was discharged for refusing not to arrest an individual comes within the narrow exception created by the supreme court in *Sabine Pilot.*

In *Sabine Pilot*, the employee was a deckhand for Sabine. He was instructed that one of his duties was to pump the bilge of the boat into the water. The employee refused to do so after seeing a posted notice stating such action was illegal under federal law and then calling the coast guard confirming this fact. As a result, he was terminated for refusing to follow those orders.

In the present case, Burt attempts to fall within the *Sabine Pilot* exception by arguing that he was terminated from his employment because: 1) he refused to commit an illegal act, and 2) he was fired because of it. By stating his argument as such, Burt attempts to seize upon certain language in *Sabine Pilot* and, in our opinion, to use that language out of context.

As already discussed above, the plaintiff in *Sabine Pilot* had been ordered to perform an illegal act. The plaintiff refused to obey this illegal order and was consequently terminated. The *Sabine Pilot* court then went on to state:

> We now hold that public policy, as expressed in the laws of this state and the United States which carry criminal penalties, requires a very narrow exception to the employment-at-will doctrine announced in *East Line & R.R.R. Co. v. Scott*. That narrow exception covers only the discharge of an employee *for the sole reason that the employee refused to perform an illegal act*. We further hold that in the trial of such a case it is the plaintiff's burden to prove by a preponderance of the evidence that his discharge was for no reason other than his refusal to perform an illegal act.

*Id.* (emphasis added). Standing alone, one could possibly interpret this quoted language to mean that an employee has a cause of action against his employer for wrongful discharge merely for refusing to commit an illegal act, whether the employer requested the employee to commit the illegal act or not.

However, we interpret *Sabine Pilot* to require that the employer, in some form, *require* the employee to commit an illegal act. It appears to us that the phrase "refused to perform an illegal act" must be put into proper context. The word "refused" must be interpreted to refer to an employee who refused to perform an illegal act requested by his employer. In fact, the plaintiff in *Sabine Pilot* was ordered to commit an illegal act and this is clearly what the supreme court was referring to when it discussed an employee refusing to commit an illegal act in the above quoted language.

This interpretation is strengthened by the language in the concurring opinion which states: "[a]llowing an employer to *require* an employee to break a law or face termination cannot help but promote a thorough disrespect for the laws and legal institutions of our society." *Id.* (Kilgarlin, J., concurring) (emphasis added). In addition, the Texas Supreme Court recently discussed *Sabine Pilot* in *Winters v. Houston Chronicle Publishing Co.*, 795 S.W.2d 723 (Tex.1990). In *Winters*, the plaintiff alleged that he was terminated because he reported to management suspected illegal activities committed by fellow employees. The court wrote that in order to come within the *Sabine Pilot* exception an employee must be "unacceptably forced to choose between risking criminal liability or being discharged from his livelihood." *Id.* at 724. Thus, the court implicitly acknowledges the requirement that an employee be required by his employer to break the law or to face termination.

Although Burt's appeal is based on the sole argument that he was discharged for refusing to perform an illegal act, no such allegation is contained in his last live pleading, being his second amended petition.

Such petition merely asserts that "[a]lthough Plaintiff had not received any oral or written instructions not to arrest Mr. Preston in the event an arrest was necessary, nevertheless, defendants terminated Plaintiff because they did not want Mr. Preston arrested even though there was probable cause to make the arrest." In another paragraph of such petition, Burt alleges that the appellees wrongfully terminated him from his employment "because Plaintiff was faithfully executing the duties imposed by the laws of this state when he ... placed the suspect under arrest." Hence, the requirement that an employer order or require an employee to commit an illegal act, in order to bring the case within the *Sabine Pilot* exception, is not present.

Given the long-standing history that employment for an indefinite term may be terminated at will and without cause and the extremely narrow exception to this rule articulated in *Sabine Pilot*, we conclude that Burt does not state a cause of action, and that the granting of appellees' motion for summary judgment was proper. Burt's point of error is overruled.

As stated above, *Sabine Pilot* also required that the employee face criminal penalties if the employee followed the employer's illegal request. *Sabine Pilot*, 687 S.W.2d at 735. In light of our holding, we find it unnecessary to address whether Burt would have faced criminal liability for failing to arrest the citizen.

We affirm the trial court's granting of the motion for summary judgment.