IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-50890
Summary Calendar

REGINA WHITE,

Plaintiff-Appellant,

versus

FCI USA, INC., doing business as FCI Connectors USA, Inc.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(EP-01-CV-170-DB)

January 3, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant asserts that the district court erred in finding the $75,000 amount-in-

controversy requirement satisfied and granting summary judgment in favor of the

Defendant-Appellee. This Court affirms.

I. FACTS AND PROCEEDINGS

Plaintiff-Appellant Regina White ("White") brought suit against Defendant-

Appellee FCI USA, Inc. ("FCI"), White's former employer, for wrongful termination on

March 29, 2001, in the 246th Judicial District Court of El Paso Country, Texas ("state

court"). White based her suit upon *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733,

---

* Pursuant to 5TH CIR. R. 47.5, this Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

735 (Tex. 1985), which permits suits for wrongful termination where the employee was terminated for refusal to perform illegal acts.

In her Original Petition, White prayed that the judgment include punitive damages, attorney's fees, pre-judgment interest, court costs, and compensatory damages for lost pay, lost fringe benefits, front pay, loss of wage earning capacity, harm to White's credit and credit reputation, and mental anguish and emotional distress (both past and future). The Original Petition did not specify how much monetary relief White was seeking.

FCI removed on May 25, 2001, asserting removal jurisdiction on the basis of diversity. In its Notice of Removal, FCI asserted that the amount in controversy exceeded $75,000.

White filed a Motion to Remand, but the U.S. District Court for the Western District of Texas ("district court") denied her motion. The district court concluded that FCI had set forth facts sufficient to show by a preponderance of the evidence that the $75,000 amount-in-controversy requirement was met.

## II. STANDARD OF REVIEW

This Court reviews a district court's determination of the amount in controversy *de novo*. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995).

"A grant of summary judgment is reviewed *de novo* . . . Summary judgment is appropriate when there 'is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" *Quorum Health Res., L.L.C. v. Maverick County Hosp. Dist.,* 308 F.3d 451, 458 (5th Cir. 2002) (citations omitted) (quoting *Conoco, Inc. v. Medic Systems, Inc.,* 259 F.3d 369, 371 (5th Cir. 2001)). This Court

2

"must view facts and inferences in the light most favorable to the party opposing the motion. A factual dispute precludes a grant of summary judgment if the evidence would permit a reasonable jury to return a verdict for the nonmoving party." *Id.*

## III. ANALYSIS

This appeal presents this Court with two issues: first, whether the amount-in-controversy requirement was met, and second, whether the district court was correct in granting summary judgment for the Defendant-Appellee.

### A.

Diversity jurisdiction under 28 U.S.C. § 1332 only exists where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C.A. § 1332 (West 1993 & Supp. 2001). White correctly notes that the amount in controversy should be determined at the time of filing. *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). "Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement." *Phillips v. Kansas City S. Ry. Co.,* 1995 U.S. Dist. LEXIS 12983, at *2 (1995) (citing *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)). However, White never specified the total amount of monetary relief she was seeking.

Where the plaintiff fails to allege a specific amount of damages, this Court has prescribed a procedure for determining the amount in controversy:

> In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.

*St. Paul Reinsurance,* 134 F.3d at 1253 (citations omitted); *De Aguilar v. Boeing Co.,* 11 F.3d 55, 57-58 (5th Cir. 1993) [hereinafter *De Aguilar I*].

The district court examined the Original Petition on its face and evaluated the evidence presented by FCI. The district court concluded it was "more probable than not" that the lengthy list of compensatory and punitive damages sought by White, when combined with attorney's fees, would exceed $75,000. *Allen,* 63 F.3d at 1336 (concluding that a punitive damages claim was "more likely than not" to exceed the jurisdictional amount). In fact, the district court concluded that the compensatory damages or punitive damages alone would "in all likelihood" exceed $75,000. *Id.* The district court also noted White's admission that her damages "[did] not yet equal" $75,000 but "it [was] possible that [they] will exceed $75,000.00 at the time of trial." On the basis of this evidence and analysis, the district court found that the amount-in-controversy requirement was met.

White argues that the evidence presented by FCI was insufficient to meet the preponderance of the evidence test. This Court articulated the standard for insufficient evidence in *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombia (ANPAC) v. Dow Quimica De Columbia S.A.,* 988 F.2d 559 (5th Cir. 1993) [hereinafter *Dow Quimica*]:

> At least where the following circumstances are present, [the removing party's burden to establish jurisdiction] has not been met: (1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above $50,000; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present.

*De Aguilar I*, 11 F.3d at 57 (quoting *Dow Quimica*, 988 F.2d at 566).

First, White's Original Petition did not specify an amount of damages. *Id*. Second, the district court concluded that it was facially apparent that the amount in controversy exceeded $75,000. *Id.* Third, FCI has offered more than a conclusory statement in support of their notice of removal. *De Aguilar I*, 11 F.3d at 57-58 (contrasting the substantive evidence, including "testimonial evidence and published precedent," offered by the removing party in that case with the "mere scintilla of evidence" presented by the removing party in *Dow Quimica*); *Allen,* 63 F.3d at 1335 (citing *Gaus,* 980 F.2d at 566) ("removal . . . cannot be based simply upon conclusory allegations"). In its interrogatories, FCI asked White to state the full amount of money damages she was seeking. White identified three categories of money damages she was seeking: lost income, mental anguish and emotional distress, and punitive damages. For the first category, White reported that she was incurring an economic loss at the rate of $100,000 per year and had already suffered a loss of approximately $13,000. White asserted that the latter two categories "cannot be precisely quantified" and that she would rely on the jury to "assess what is fair." Towards this end, White identified six doctors who would testify about her mental anguish and emotional distress.

In its Requests for Admission, FCI asked White to admit or deny that she was seeking damages of $75,000 or more. White admitted that her damages "[did] not yet equal" $75,000 but "it [was] possible that [they] will exceed $75,000.00 at the time of trial." Through this language, White implied that the amount in controversy was not limited to the damages she suffered before her filing. Instead, White indicated that she was seeking continuing and future damages as well.

5

Fourth, White failed to timely contest the removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present. *De Aguilar I*, 11 F.3d at 57.

This Court has held that "the jurisdictional facts that support removal must be judged at the time of the removal." *Allen,* 63 F.3d at 1335. At the time of removal, it was apparent from the face of the Original Petition and the evidence presented by FCI that the amount in controversy exceeded $75,000. The preponderance of the evidence thus indicated that the amount-in-controversy requirement was met. This Court has held that "once a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated." *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995). White failed to specify an amount of damages less than $75,000 or to present any substantive evidence in support of her motion to remand. White thus failed to show that it was legally certain that her recovery will not exceed $75,000.

Based on the preponderance of evidence, this Court affirms the district court's conclusion that the amount-in-controversy requirement was met.

B.

Texas law permits indefinite employment to be terminated at-will and without cause unless the termination results from the employee's refusal to commit an unlawful act. *East Line & R.R.R. Co. v. Scott,* 72 Tex. 70, 75, 10 S.W. 99, 102 (1888) (holding that an indefinite term of service may be terminated by either party without cause); *Sabine Pilot,* 687 S.W.2d at 735. In order to establish a *prima facie* case of wrongful termination

6

under *Sabine Pilot,* the plaintiff must prove that: (1) she was required to commit an illegal act which carries criminal penalties; (2) she refused to engage in the illegality; (3) she was discharged; (4) the sole reason for her discharge was her refusal to commit an unlawful act. *Sabine Pilot,* 687 S.W.2d at 735; *Burt v. City of Burkburnett*, 800 S.W.2d 625, 626-27 (Tex. App.-Fort Worth 1990, writ denied).

First, FCI submitted evidence, in the form of numerous falsified NAFTA Certificates of Origin bearing White's signature, indicating that White committed unlawful acts. 18 U.S.C.A. § 1001(a) (West 2000) (specifying that the making of a false statement to any branch of the U.S. Government is a felony punishable by fine or imprisonment). However, White did not submit any evidence indicating that she was required by FCI to commit the unlawful acts. *Burt*, 800 S.W.2d at 626-27 (holding that the plaintiff must prove that the employer required, not just requested, the employee to commit unlawful acts). White admits in her own deposition that the catalyst for her unlawful acts was her subjective interpretation of her supervisor's remarks rather than any direction to commit the unlawful acts.

Second, FCI submitted evidence, in the form of numerous falsified NAFTA Certificates of Origin bearing White's signature, that White did not refuse to commit the unlawful acts. Third, it is undisputed that White was discharged.

Fourth, White failed to demonstrate either a refusal to commit unlawful acts or that such a refusal was the sole reason for her discharge. The evidence of an ongoing reduction in force and financial difficulties at FCI since July 2000 stands unrefuted. FCI contends that White was discharged as part of the reduction in force, and White does not provide any substantive evidence to the contrary. *Eason v. Thaler*, 73 F.3d 1322, 1325

7

(5th Cir. 1996) (holding that "mere conclusory allegations are not competent summary judgment evidence, and . . . are insufficient, therefore, to defeat a motion for summary judgment").

Based on White's failure to meet the requirements for a *prima facie* case of wrongful termination under *Sabine Pilot*, this Court affirms the district court's grant of summary judgment in favor of FCI.