### TOMDRA INVESTMENTS, L.L.C.

v.

### COSTAR REALTY INFORMATION, INC. a/k/a CoStar Group a/k/a CoStar Comps.

Civil Action No. 4:10–CV–305–BJ–ECF.

United States District Court, N.D. Texas, Fort Worth Division.

Aug. 24, 2010.

E. L. Atkins, Law Office of E. L. Atkins, Arlington, TX, for Tomdra Investments, L.L.C.

Cory D. Halliburton, Weycer Kaplan Pulaski & Zuber PC, Arlington, TX, for CoStar Realty Information, Inc. a/k/a CoStar Group a/k/a CoStar Comps.

## ORDER DENYING MOTION TO RE-MAND (doc. # 8), GRANTING MO-TION TO STRIKE (doc. # 17) AND GRANTING MOTION TO DISMISS (doc. # 6)

JEFFREY L. CURETON, United States Magistrate Judge.

The following motions are pending before the Court: (1) the motion of Plaintiff Tomdra Investments, LLC ("Tomdra") to remand this case to the state court from which it was removed ("Motion to Remand"), filed May 26, 2010 (doc. # 8); (2) the motion of Defendant CoStar Realty Information, Inc. ("CoStar") to dismiss this case pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) ("Motion to Dismiss") for failure to state a claim, filed May 7, 2010 (doc. # 6); and (3) CoStar's motion to strike portions of Tomdra's reply brief ("Motion to Strike"), filed July 7, 2010 (doc. # 17.) After careful review, the Court DENIES Tomdra's motion to remand (doc. # 8), GRANTS CoStar's Motion to Strike (doc. # 17), and GRANTS CoStar's motion to dismiss (doc. # 6).

---

1. On June 1, 2010, Federal District Court Judge Terry R. Means transferred this case to the docket of the United States Magistrate

## I. BACKGROUND

Tomdra originally filed this case on July 15, 2009 in the 352nd Judicial District Court in Tarrant County, Texas but CoStar was not served until April 6, 2010. (See Response to Motion to Remand ("Resp. to Remand"), App. at 3–4 (doc. # 14); Plaintiff's Original Petition ("Original Pet.") (doc. # 1–5).) Tomdra filed its First Amended Original Petition ("First Amended Petition") on March 4, 2010, adding Defendant Missy McAlister–Kerr ("McAlister–Kerr"), a resident of Tarrant County, Texas, and an employee of TCAD. (Appendix to Motion to Remand ("Remand App."), (doc. # 9).) Tomdra acknowledges, however, that McAlister–Kerr was never properly served with the First Amended Petition. (Motion to Remand at 2, n. 1.) Further, when Tomdra served CoStar for the first time on April 6, 2010, CoStar was actually served with the Original Petition, not the First Amended Petition. (Resp. to Remand, App. at 3–4 (doc. # 14).) On April 30, 2010 CoStar removed the case to the United States District Court for the Northern District of Texas.[1] (doc. # 1.)

In its Original Petition, the only version of the petition ever properly served on a defendant in this case, Tomdra claims that CoStar supplied false data to the Tarrant Appraisal District ("TCAD"), resulting in an erroneous value assigned to Tomdra's real property and the subsequent imposition of an erroneous tax lien. (See generally Original Petition (doc. # 1–5).) Tomdra alleges that as of January 1, 2008, TCAD appraised Tomdra's real property at a value of $445,000. (Id. at 2–3 (doc. # 1–5).) This appraisal resulted in a statutory lien and claim upon Tomdra's property to secure the payment of ad valorem taxes as-

Judge Jeffrey L. Cureton pursuant to the parties' consent. (doc. # 11.)

sessed against the property. (*Id.* at 3.) Tomdra then protested the appraised value of its property to TCAD, and TCAD refused to lower the appraisal. (*Id.* at 3–4.) Tomdra appealed TCAD's appraisal to the Tarrant Appraisal Review Board ("TARB"), and its appeal was denied. (*Id.* at 4–5.) Tomdra then appealed the appraisal to the District Court of Tarrant County, where Tomdra alleges that CoStar's data was shown to be false, and TCAD entered into a court-approved settlement with Tomdra reducing the appraised value of Tomdra's property to $311,795. (*Id.* at 5–6.)

Tomdra asserts both statutory and common law claims against CoStar. First, Tomdra claims that CoStar violated section 12.001 *et seq.* of the Texas Civil Practice and Remedies Code ("TCPRC"). (*Id.* at 8–9.) Tomdra also alleges claims of negligence and gross negligence in providing information to TCAD. (*Id.* at 10–11.) Tomdra seeks compensatory damages of $25,000, attorneys' fees of at least $17,500 for correcting TCAD's alleged errors and removing the allegedly false lien and claim from Tomdra's property, exemplary damages of $20,000, and attorneys' fees associated with the prosecution of the instant lawsuit. (*Id.* at 11–12 (doc. # 1–5).)

## II. *DISCUSSION*

### A. *Tomdra's Motion to Remand*

The Court will first address Tomdra's motion to remand this case to the state court from which it was removed. (doc. # 8.) "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). When an action such as the one before the Court is removed based on diversity jurisdiction, the removing party must establish: (1) that there is complete diversity; and (2) that the amount in controversy satisfies the jurisdictional amount set out in 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332; *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir.1995) ("[T]he defendant bears the burden of establishing federal jurisdiction over the state-court suit.").

### 1. *Complete Diversity*

Tomdra claims that CoStar has failed to establish that there is complete diversity. (*See generally* Motion to Remand (doc. # 8).) Tomdra claims that CoStar, a Maryland corporation, has failed to establish that diversity jurisdiction exists in this case because both Plaintiff Tomdra and Defendant McAlister–Kerr are citizens of Texas. (Brief in Support of Motion to Remand ("Remand Br.") at 4–6 (doc. # 12).) But Tomdra admits that McAlister–Kerr was never properly served as a defendant. (Resp. to Remand at 1–5 (doc. # 14); Motion to Remand at 2, n. 1 (doc. # 8).) And CoStar was improperly served with the Original Petition rather than the First Amended Petition. (Motion to Remand at 2, n. 1 (doc. # 8); Remand Br. at 4–5 (doc. # 12).)

A civil action which does not arise under federal law is removable only if "none of the parties in interest *properly joined and served as defendants* is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Under Texas law, an amended pleading supersedes and supplants the original pleading, but if a party files an amended pleading naming a new defendant, it must comply with the rules regarding issuance of service and return of citation in order to effectively bring that party into the lawsuit. *See, e.g., Phifer v. Nac-*

ogdoches County Cent. Appraisal Dist., 45 S.W.3d 159, 172 (Tex.App.-Tyler 2000, pet. denied) (citations omitted). There is no evidence that either McAlister–Kerr or CoStar was ever served with the First Amended Petition. Thus Tomdra's Original Petition is the operative petition and McAlister–Kerr is not a proper party to the case before this Court. There is, therefore, complete diversity between Tomdra and CoStar.[2]

### 2. *Amount in Controversy*

■ The Court must next determine whether the amount in controversy has been met in this case. Tomdra does not address the issue in its Motion to Remand, attempting instead to raise the issue for the first time in its Reply in Support of Motion to Remand ("Remand Reply"). (doc. # 17.) CoStar has filed a motion to strike Tomdra's arguments pertaining to the amount in controversy, because such arguments were raised for the first time in Tomdra's reply brief. (Motion to Strike (doc. # 17).) The Court finds that CoStar's motion is well-taken, and it is GRANTED. *See, e.g., K.C. ex rel. M.C. v. Mansfield Indep. Sch. Dist.,* 618 F.Supp.2d 568, 577 (N.D.Tex.2009) (Means, J.) (refusing to consider arguments raised for the first time in a reply brief); *Creditors' Comm. of First RepublicBank Corp. v. FDIC,* 749 F.Supp. 758, 772 (N.D.Tex. 1990) (Fitzwater, J.) (same).

In *White v. FCI USA, Inc.,* 319 F.3d 672, 675 (5th Cir.2003), the United States Court of Appeals for the Fifth Circuit analyzed whether the amount-in-controversy requirement was met in the removal context. The court affirmed the district court's findings that "it was 'more probable than not' that the lengthy list of compensatory and punitive damages sought ... when combined with attorney's fees, would exceed $75,000." *Id.* (emphasis added). In this case, Tomdra seeks compensatory damages of $25,000, attorneys' fees of at least $17,500 for its initial appeal, and exemplary damages of $20,000. (Original Petition at 11–12 (doc. # 1–5).) These sums total at least $62,500, and Tomdra also seeks attorneys' fees associated with the prosecution of the instant lawsuit. (*Id.*) The Court thus finds that it is more probable than not that the amount in controversy in this case exceeds $75,000. See *White,* 319 F.3d at 675. Because the requirements for federal diversity jurisdiction have been met, Tomdra's motion to remand is DENIED.

### B. *CoStar's Motion to Dismiss*

Also before the Court is CoStar's motion to dismiss pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. # 6.) Tomdra has not responded to the motion. FRCP 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted," and must be construed in conjunction with the pleading requirements of FRCP 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 12(b)(6), 8(a); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (holding that the simplified pleading requirements of Rule 8(a) apply to most civil actions). For this reason, courts view motions to dismiss for failure to state a claim "with disfavor," and they are "rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982) (quoting Wright & Miller, Federal Practice and Procedure § 1357 (1969)).

---

**2.** Because McAlister–Kerr is not a proper party to this case, the Court declines to address CoStar's argument that she was improperly joined.

A court determining a motion brought pursuant to FRCP 12(b)(6) motion must accept as true all well-pleaded, non-conclusory allegations in the complaint and must liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum,* 677 F.2d at 1050. The Court's inquiry is limited to the facts contained in the complaint and to the documents attached or incorporated within the complaint. *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017–18 (5th Cir.1996). But in order to avoid dismissal, the plaintiff must plead specific facts rather than mere conclusory allegations. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992). The plaintiff must plead sufficient facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555, 127 S.Ct. 1955.

■ CoStar seeks dismissal of this case for failure to state a claim. Again, Tomdra has failed to respond to CoStar's motion. Tomdra's failure to respond does not alone provide a basis for dismissal. *Johnson v. Pettiford,* 442 F.3d 917, 918–19 (5th Cir.2006). But the arguments proffered by CoStar combined with the deficiencies in Tomdra's allegations lead the court to find that granting dismissal rather than leave to amend is proper in this instance.

### 1. Tomdra has failed to state a claim against CoStar under TCPRC section 12.002.

■ First, CoStar argues that Tomdra has failed to state a cognizable claim under section 12.002 of the TCPRC because TCAD, not CoStar, filed a claim against Tomdra's property. (Motion to Dismiss at 4 (doc. # 6–1).) The pertinent part of section 12.002 provides that:

> "[a] person may not make, present, or use a document or record with ... knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property" ...

Tex. Civ. Prac. & Rem.Code § 12.002(a)(1) (Vernon 2009). The section further provides that the actor must intend to cause injury. *Id.* at § 12.002(a)(2)-(3). Thus, Tomdra must allege that CoStar knowingly made, presented or used a fraudulent court record, lien or claim against Tomdra's property with intent to injure Tomdra. *Id.* Tomdra judicially admits, however, that TCAD actually appraised Tomdra's property and that TCAD's appraisal caused the subsequent impression of a lien upon the property. (Original Petition at 2–3 (doc. # 1–5).) CoStar merely provided the "market data" TCAD used in "forming the basis" of its appraisal. (*Id.* at 1–3.) The Court therefore concludes that Tomdra has failed to state a claim for which relief may be granted against CoStar under TCPRC § 12.002.

### 2. Tomdra has failed to state a claim against CoStar for Negligence or Gross Negligence.

■ CoStar next argues that Tomdra has failed to state a cognizable claim against CoStar for negligence or gross negligence because Tomdra has failed to establish that CoStar owed a legal duty of care to Tomdra when it supplied "market data" to TCAD. (Motion to Dismiss at 5–6 (doc. # 6–1).) The elements of a negligence claim under Texas law are: "(1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach."

*Sport Supply Group, Inc. v. Columbia Cas. Co.,* 335 F.3d 453, 466 (5th Cir.2003) (citing *Van Horn v. Chambers,* 970 S.W.2d 542, 544 (Tex.1998); *Praesel v. Johnson,* 967 S.W.2d 391, 394 (Tex.1998)). Gross negligence, a heightened form of negligence requiring proof of "an extreme degree of risk" and "conscious indifference" by the negligent actor, also requires a demonstration of a legal duty. *Mobil Oil Corp. v. Ellender,* 968 S.W.2d 917, 921 (Tex.1998); *West v. SMG,* 318 S.W.3d 430, 442–43 (Tex. App–Houston [1st Dist.] May 27, 2010). Courts examining whether a legal duty exists under Texas law look to three predominant factors: "(1) the relationship between the parties; (2) the reasonable foreseeability of harm to the person injured; and (3) public policy considerations." *Texas Home Mgmt., Inc. v. Peavy,* 89 S.W.3d 30, 34 (Tex. 2002).

 Tomdra's sole allegations regarding duty are that CoStar "has a duty to conduct its business in a reasonable, careful and prudent manner." (Original Complaint at 10 (doc. # 1–5).) There is no allegation that CoStar had a relationship with Tomdra. Rather, Tomdra's complaint states that CoStar provided services to TCAD, which in turn appraised Tomdra's property. (*See generally id.*) The allegations clearly state that TCAD, not CoStar placed the lien on Tomdra's property. (*See id.*) There is generally no duty to control the conduct of third persons under Texas law. *See Providence Health Center v. Dowell,* 262 S.W.3d 324, 331 (Tex.2008) (citations omitted). And there are no allegations or evidence that the relationship between CoStar and TCAD

falls within one of the special exceptions to this rule.[3]

Tomdra has likewise failed to plead facts demonstrating that the alleged injury to Tomdra was reasonably foreseeable. In *Otto Candies, L.L.C. v. Nippon Kaiji Kyokai Corp.,* 346 F.3d 530, 536, 537 (5th Cir.2003), the Fifth Circuit Court of Appeals discussed foreseeability in the context of a negligent misrepresentation claim and held that the mere foreseeability that third parties may rely on information, reports, or certificates provided by one party to another was insufficient to establish a legal duty. *Id.* The Court explained that policy considerations also favor limiting the applications of reasonable foreseeability in such circumstances by "confining what might otherwise be unlimited liability to those persons whom the engagement is designed to benefit . . ." *Id.* (internal quotations and citations omitted). Likewise, policy considerations favor limiting reasonable foreseeability in the instant situation, where CoStar merely provided market data to TCAD to do with as it chose in appraising property values. Tomdra has failed to plead facts establishing that CoStar owed a legal duty to Tomdra. The Court therefore holds that Tomdra has failed to state a claim for negligence or gross negligence.

Finally, the Court finds that any attempt by Tomdra to amend would be futile. The Texas Tax Code specifically states that the Code itself provides the exclusive rights, procedures and remedies for aggrieved property owners in the context of an ad-valorem property appraisal. *See* Tex. Tax.Code Ann. § 42.09(a) (Vernon 2008). And "[t]here is ample Texas authority that the rights, procedures, and

---

**3.** Examples of such special exceptions include relationships between a parent and child, employer and employee and independent contractor and contractee. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990).

remedies set forth in the TAX CODE are exclusive, and supersede a property owner's common law rights and remedies." *Gregg County Appraisal Dist. v. Laidlaw Waste Sys., Inc.*, 907 S.W.2d 12, 16 (Tex. App.-Tyler 1995) (citations omitted); *see also Scott v. Harris Methodist HEB*, 871 S.W.2d 548, 550 (Tex.App.-Fort Worth 1994, no writ); *Bexar Appraisal Dist. v. John William Fine Furniture & Interiors*, 2009 WL 1956385, *4 (July 8, 2009) (citations omitted).

### III. *CONCLUSION*

For the reasons discussed, Tomdra's motion to remand is DENIED (doc. # 8). CoStar's motion to strike portions of Tomdra's argument raised for the first time in its reply is GRANTED. (doc. # 17.) Furthermore, the Court finds that Tomdra has failed to state a claim against CoStar for which relief may be granted. Thus, CoStar's motion dismiss pursuant to FRCP 12(b)(6) is also GRANTED. (doc. # 6.) Tomdra's claims against CoStar present no possibility for recovery under Texas law. Thus, any attempt by Tomdra to amend its complaint would be futile, and its claims against CoStar are therefore DISMISSED WITH PREJUDICE by Rule 54(b) final judgment filed today.

**SO ORDERED.**