# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2012

No. 11-50392

Lyle W. Cayce
Clerk

SYLVIA MUNIZ,

Plaintiff–Appellant

v.

COLUMBIA SUSSEX CORPORATION, doing business as CSC/Columbia Sussex Corporation, doing business as El Paso Marriott; MIKE SALDANA,

Defendants–Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CV-00274

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this employment discrimination case, Plaintiff-Appellant Sylvia Muniz appeals the district court's grant of summary judgment in favor of the Defendants-Appellees (hereinafter "El Paso Marriott") on her claims for a hostile work environment and for retaliation under Chapter 21 of the Texas Labor Code. Tex. Labor Code § 21.051 *et seq.* Muniz also appeals the district court's denial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50392

of her motion to remand, arguing that the amount-in-controversy requirement is not met.

Plaintiff-Appellant Muniz is a former employee of El Paso Marriott. During the relevant time period, Muniz worked as a room service supervisor and as a food and beverage supervisor. Muniz alleges that she was subjected to sexual harassment—sufficiently severe to constitute a hostile workplace—and that she was retaliated against for filing a complaint with the Equal Employment Opportunity Commission. The alleged harassment and retaliation was based largely on the conduct of Mike Saldana, a manager at El Paso Marriott, who was Muniz's direct supervisor for part of the time that Muniz worked at El Paso Marriot.

Muniz sued the Defendants-Appellees in Texas state court in June 2009, bringing various claims under Texas state law, including claims of employment discrimination.[1] In July 2009, the Defendants-Appellees removed the action to federal court. The district court denied a motion to remand filed by Muniz, finding that the amount-in-controversy requirement was met. The district court later granted the Defendants-Appellees' motion for summary judgment, holding that the evidence in the record was insufficient to create a genuine issue of fact on any of Muniz's claims. This timely appeal followed.

"[We] review[ ] a district court's determination of the amount in controversy de novo." *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (per curiam). We also "review the district court's grant of summary judgment de novo and apply the same legal standards that the district court applied to

---

[1] Although the Plaintiff-Appellant's claims are brought under the Texas Commission on Human Rights Act ("TCHRA"), "the law governing claims under the TCHRA and Title VII is identical." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 n.2 (5th Cir. 1999). Accordingly, we may analyze Muniz's TCHRA claims using the familiar standards of Title VII. *See, e.g.*, *NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999); *Culwell v. City of Fort Worth*, 468 F.3d 868, 873 n.3 (5th Cir. 2006).

No. 11-50392

determine whether summary judgment was appropriate." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 433–34 (5th Cir. 2005). "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *Id.* (quotation omitted).

We have read the briefs and record, and have considered the arguments of the parties, and we are of the firm conviction that the district court did not err in exercising jurisdiction over this action and in granting summary judgment on Muniz's claims. Specifically, we hold: (1) that the district court properly exercised subject matter jurisdiction over this action because it is facially apparent that the amount-in-controversy exceeds $75,000; (2) that the hostile workplace claim was properly dismissed because the alleged harassing conduct was not sufficiently severe or pervasive to alter a term or condition of Muniz's employment and did not create an objectively hostile or abusive workplace; and (3) that the retaliation claim was properly dismissed because the alleged retaliatory conduct did not render the workplace so intolerable that a reasonable person in Muniz's position would have felt compelled to resign. Accordingly, we AFFIRM for essentially the reasons stated by the district court, and we consider any additional analysis unnecessary.