# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 11, 2021

Lyle W. Cayce
Clerk

No. 21-10576
Summary Calendar

Melinda Hamilton,

*Plaintiff—Appellant*,

*versus*

Mike Bloomberg 2020, Incorporated,

*Defendant—Appellee*,

consolidated with

No. 21-10577

Argunda Jefferson,

*Plaintiff—Appellant*,

*versus*

Mike Bloomberg 2020, Incorporated,

*Defendant—Appellee*,

consolidated with

No. 21-10576
c/w Nos. 21-10577 & 21-10578

————————————

No. 21-10578

————————————

Gregory Snow,

*Plaintiff—Appellant*,

*versus*

Mike Bloomberg 2020, Incorporated,

*Defendant—Appellee.*

————————————————————

Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 4:20-CV-488,
4:20-CV-489, 4:20-CV-490

————————————————————

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

To remove a diversity action to federal court, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Ex-employees of Mike Bloomberg 2020 sued the campaign in Texas state court seeking $42,000 in owed wages and a litany of unquantified damages. But they also stated that they sought less than $75,000. The campaign removed the case to federal court, arguing that the number of claims and prior representations of counsel demonstrated each suit exceeded $75,000 in value. We agree. Because the

---

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10576
c/w Nos. 21-10577 & 21-10578

campaign met its burden of demonstrating the amount in controversy was met and its ex-employees failed to demonstrate to a legal certainty that the amount was not satisfied, the district court properly exercised jurisdiction. We AFFIRM.

## I.

In late 2019 and early 2020, Michael Bloomberg sought the Democratic nomination for President of the United States. He designated "Mike Bloomberg 2020" as his official campaign. In preparation for the Texas Democratic primary, the campaign hired the plaintiffs to work in various campaign roles. In March 2020, Bloomberg announced he was suspending his presidential campaign. The campaign subsequently notified the plaintiffs that it was terminating their employment. Each of the ex-employees filed suit in Texas state court against the campaign for damages. The campaign removed each of the actions to federal court based on diversity jurisdiction. After a failed attempt by the plaintiffs to remand the suits, the court granted the campaign summary judgment on all the claims asserted by its ex-employees. The plaintiffs now appeal, challenging only the district court's subject matter jurisdiction.

## II.

This court reviews a determination of jurisdiction de novo. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)). Generally, jurisdiction must exist at the time of removal. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Texas Beef Group v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000). Under this general rule, in a diversity action the removing party must demonstrate complete diversity of the parties and that the amount in controversy is more than $75,000. *See De Aguilar v. Boeing, Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *see also* 28 U.S.C. § 1332.

3

The complete diversity of the parties is not at issue here; rather, the plaintiffs challenge whether their claims crossed the $75,000 threshold at the time of removal. How we determine if the amount in controversy is met depends on whether the plaintiffs "demanded a specific amount of damages" in their complaints. *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014). If a specific amount was demanded, the amount stated in the complaint is dispositive if it "is apparently made in good faith." *Id.* (internal quotation marks omitted) (quoting *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1989)). When indeterminate damages are alleged, "the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional requirement]." *Id.* (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

Here, each of the plaintiffs alleged they sought "monetary relief of $75,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." However, in their complaints, the plaintiffs made specific allegations that each was "due $42,000 in wages plus lost health insurance benefits." They additionally alleged damages "including, lost wages, lost earning capacity, mental anguish, emotional pain and suffering, lost employment benefits, inconvenience, loss of enjoyment of life, damage to professional reputation, and other damages." Upon removal, the burden on the campaign was to demonstrate that the additional damages sought by its ex-employees exceeded $33,000 in value per plaintiff.

The campaign produced demand letters from its ex-employees' attorney asserting that he had already incurred $10,000 in legal fees for each plaintiff. The campaign also presented analogous evidence from similar cases, some handled by its ex-employees' counsel, to argue that the plaintiffs' other categories of damages were patently worth more than $23,000. We conclude that the campaign thereby satisfied its "burden of proving . . . that

the amount in controversy exceeds [the jurisdictional threshold]." *Scarlott*, 771 F.3d at 888 (citing *De Aguilar*, 11 F.3d at 58); *see White*, 319 F.3d at 675 (affirming district court's determination that "the lengthy list of compensatory and punitive damages sought by [plaintiff], when combined with attorney's fees, would exceed $75,000" (citing *Allen*, 63 F.3d at 1336)).

But the inquiry does not necessarily end here. Even if the removing party demonstrates the amount in controversy is met, a plaintiff can show "that, as a matter of law, it is certain" that the jurisdictional amount will not be recovered. *De Aguilar*, 47 F.3d at 1411. However, this is "not a burden-shifting exercise." *Id.* at 1412. A "plaintiff must make all information known at the time" the complaint is filed. *Id.* The ex-employees argue that under Texas law, they could be limited to recovering less than $75,000. This is correct. Under Texas Rule of Civil Procedure 47 a maximum recovery amount can be set by the court. Tex. R. Civ. P. 47. But at the time of removal, no such bar had been instituted, so plaintiffs' argument fails.

The plaintiffs also assert that they each legally bound themselves to seek less than $75,000 in damages. They attached signed declarations to their motions to remand stating, "I irrevocably limit my recovery of damages for the harms and losses I have sustained as set forth in my First Amended Petition to $75,000." But our precedent states that "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, S*t. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938), makes later filings irrelevant." *De Aguilar*, 47 F.3d at 1412 (internal quotation marks omitted) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)).[1] Because the plaintiffs'

---

[1] In limited circumstances later filings could be considered, i.e., "if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). But at the time the campaign removed these cases, the amount

No. 21-10576
c/w Nos. 21-10577 & 21-10578

signed declarations were not included with their complaints, prior to the time of removal, they are insufficient to meet the legal certainty standard.

## III.

The campaign met its burden of demonstrating the amount in controversy was met when it removed these cases to federal court. By contrast, its ex-employees failed to show, by legal certainty, that they would not recover damages meeting the jurisdictional threshold. Accordingly, the district court properly had diversity jurisdiction over these actions.

AFFIRMED.

---

in controversy was not ambiguous because it was readily substantiated by the damages alleged in plaintiffs' complaints and their counsel's pre-removal correspondence to the campaign.